IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV226-1-MU

| | |
|---|---|
| KEITH E. ASHFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| BOYD BENNETT, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1) and Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 1-10.), both filed May 27, 2008.

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation without the prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, pursuant to 28 U.S.C. § 1915(e), a prisoner shall not bring a civil action or appeal a judgment in a civil action without the prepayment of fees or costs if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim. The only exception to this filing prohibition is if the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff has asked to be allowed to proceed in forma pauperis in this matter. (Doc. No. 1-10). This Court takes judicial notice of the fact that Plaintiff has had at least three prior prisoner civil

actions in federal court that were dismissed because they were found to be frivolous or because they failed to state a claim. See Ashford v. Ricker, 5:99ct64-BO (E.D.N.C..1999)(dismissing Complaint as frivolous); Ashford v. Cauley, 5:98ct940-H (E.D.N.C. 1999)(dismissing Complaint as frivolous); Ashford v. Archie, 5:95ct977-F (E.D.N.C. 1995)(Complaint dismissed as frivolous).[1] Plaintiff's Complaint does not establish that he is in imminent danger of serious physical injury. See Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)("[v]ague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather the inmate must make :specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.") Consequently, because Plaintiff, a prisoner, has three "strikes" against him, his Motion to Proceed In Forma Pauperis is denied and his Complaint is dismissed pursuant to 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED** pursuant to 28 U.S.C. 1915(g); and

---

[1] . While it appears that the United States Court of Appeals for the Fourth Circuit has yet to address the issue of whether pre-§ 1915(g) dismissals for frivolousness, maliciousness, or failure to state a claim count as "strikes" for purposes of § 1915(g), the majority of Circuits that have addressed the issue have concluded that they do. See Welch v. Galie, 207 F.3d 130, 131-32 (2d Cir. 2000); Rivera v. Allin, 144 F.3d 719, 730 (11th Cir.), cert. dismissed, 524 U.S. 978 (1998); Wilson v. Yaklich, 148 F.3d 596, 604 (6th Cir.1998), cert. denied, 525 U.S. 1139 (1999); Patton v. Jefferson Correctional Ctr., 136 F.3d 458, 462 (5th Cir.1998); Tierney v. Kupers, 128 F.3d 1310, 1311- 12 (9th Cir.1997); Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144-45 (3d Cir.1997) (per curiam); Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir.1996); Green v. Nottingham, 90 F.3d 415, 420 (10th Cir.1996). This Court agrees that pre-§ 1915(g) filings can constitute "strike" for purposes of § 1915(g).

2. Plaintiff's Complaint is **DISMISSED** without prejudice for failure to pay the civil filing fee required by 28 U.S.C. § 1914(a).

Signed: June 5, 2008

Graham C. Mullen
United States District Judge